UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 22-cv-725-pp

v.

APPROXIMATELY 48,685.946 TETHER (USDT)
CRYPTOCURRENCY FROM KUCOIN ACCOUNT ENDING IN 9710
and APPROXIMATELY 37,406.029 DOGECOIN (DOGE)
CRYPTOCURRENCY FROM KUCOIN ACCOUNT ENDING IN 9710,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 28) AND DISMISSING CASE**

---

On June 22, 2022, the government filed a verified complaint for civil forfeiture *in rem* against approximately 48,685.946 TetherUS (USDT) cryptocurrency from KuCoin account ending in 9710 and approximately 37,406.029 Dogecoin (DOGE) cryptocurrency from KuCoin account ending in 9710, dkt. no. 1, and requested that the complaint remain under seal, dkt. no. 2. On June 27, 2022, Magistrate Judge Stephen C. Dries granted the motion to seal, dkt. no. 5, and the case remained sealed until June 8, 2026, dkt. no. 20. On August 11, 2026, the government filed an application for entry of default, dkt. no. 27, and a motion for default judgment, dkt. no. 28. The clerk entered default the same day. On August 14, 2026, the case was reassigned to this district court judge. The court will grant the government's motion for default judgment.

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

On June 9, 2026, the United States Secret Service seized the defendant property under a Warrant of Arrest In Rem issued on June 22, 2022. Dkt. Nos. 23, 24. According to the government, the defendant properties originally were seized on or about March 29, 2022 from KuCoin account ending in 9710, with an associated email address of alexgodxxxxx@gmail.com in Wan Chai, Hong Kong under seizure warrant 22-MJ-67 issued by United States Magistrate Judge William E. Duffin. Dkt. No. 28 at 2.

The previous day—June 8, 2026—the government had filed a notice of the complaint for civil forfeiture of property to the owner of alexgodmanbe@gmail.com and served it via email along with a copy of the verified complaint. Dkt. No. 22. The government received an automated delivery tracking notification receipt indicating the email had been successfully delivered. Dkt. No. 28 at 3. The notice documents stated that interested parties must file a verified claim to the defendant properties within thirty-five days of the date of the notice of the complaint and must serve an answer to the complaint or a Rule 12 motion within twenty-one days of filing the claim. Dkt.

No. 22 at 2. The deadline for filing the claim expired on July 13, 2026. Dkt. No. 28 at 4.

The government also posted notice of the complaint on an official government forfeiture website for at least thirty consecutive days beginning on June 9, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 25. The deadline to file a claim for any claimant who did not receive direct notice was August 8, 2026. Id.

On July 15, 2026, the United States filed a letter advising the court that no claims had been filed and that the time limit for the owner of email address alexgodmanbe@gmail.com to file a claim had expired. Dkt. No. 26. The letter stated that if a valid claim was not received by July 31, 2026, the government would file a motion for default judgment. Id.

Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that the government must directly notify "any person who reasonably appears to be a potential claimant" of the forfeiture action. The government must send the notice "by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. G(4)(b)(iii)(A). Other courts have held that notifying potential claimants via email is appropriate where, as here, "the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners." United States v. Twenty-Four Cryptocurrency Accts., 473 F. Supp. 3d 1, 6 (D.D.C.

2020) (citing Fed. Trade Comm'n v. PCCare247, Inc., Case No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); Philip Morris USA, Inc. v. Veles Ltd., Case No. 06 Civ. 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)). Adequate notice "requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) (citing Dusenbery v. United States, 534 U.S. 161, 170 (2002)).

The government took reasonable steps to provide notice to any potential claimants. The clerk properly entered default because the potential claimants were notified of the action and did not file claims within the time allowed by the Federal Rules of Civil Procedure.

## II. Motion for Default Judgment (Dkt. No. 28)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). But such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The government has established that the defendant property—approximately 48,685.946 TetherUS (USDT) cryptocurrency from KuCoin account ending in 9710 and approximately 37,406.029 Dogecoin (DOGE) cryptocurrency from KuCoin account ending in 9710—is subject to forfeiture under 21 U.S.C. §881(a)(6) because it represents proceeds of distribution of controlled substances and a conspiracy to distribute, manufacture, dispense, or possess with the intent to manufacture, distribute, or dispense controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and it represents proceeds of distribution of controlled substances by means of the Internet and a conspiracy to deliver, distribute, or dispense controlled substances by means of the Internet, in violation of 21 U.S.C. §§ 841(h) and 846. Dkt. No. 1.

Agents and task officers with the Milwaukee District Office of the Drug Enforcement Administration have been investigating online pharmacies that advertise for sale both controlled and non-controlled pharmaceuticals, including Schedule II and IV controlled substances. Id. at ¶22. Agents

identified co-conspirators involved in the drug trafficking organization located in Florida and Texas who received bulk shipments of controlled pharmaceuticals from overseas and shipped them to customers throughout the United States. Id. at ¶¶23, 24. Undercover agents purchased controlled pharmaceuticals multiple times without providing valid prescriptions. Id. at ¶25-41. In August 2020, agents executed search warrants at the homes of the two co-conspirators and seized electronic devices and documents containing evidence identifying drug suppliers and customers, id. at ¶26, and interviewed one of the co-conspirators, id. at ¶27.

The government traced the movement of drug proceeds into KuCoin account number ending in 9710. Id. at ¶¶42-59. Based on their investigation to date, agents believe that the organization has derived in excess of $1 million in drug proceeds from their online sales of pharmaceuticals. Id. at ¶57. On March 29, 2022, in the Eastern District of Wisconsin, Judge Duffin issued warrant 22-MJ-67 authorizing the seizure of all cryptocurrency in KuCoin account ending in 9710. Id. at ¶58. Agents served the warrant and received the defendant properties, approximately 48,685.946 TetherUS (USDT) cryptocurrency and approximately 37,406.029 Dogecoin (DOGE) cryptocurrency, consisting of all cryptocurrency in KuCoin 9710. Id. at 59.

Based on the above, the court determines that the property is subject to forfeiture to the United States of America.

## III. Conclusion

The court **GRANTS** the government's motion for default judgment. Dkt. No. 28.

The court **ORDERS** that the defendant properties—approximately 48,685.946 TetherUS (USDT) cryptocurrency from KuCoin account ending in 9710 and approximately 37,406.029 Dogecoin (DOGE) cryptocurrency from KuCoin account ending in 9710—are **FORFEITED** to the United States of America and that no right, title, or interest in the defendant properties shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant properties and dispose of them according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 4th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**